## F. M. Loveland, Appellant, v. C. F. Bode, Appellee.

1. LOTTERIES, § 1*—*when lottery scheme prohibited.* Under the statutes of this State a lottery scheme, to come within its prohibition, must contemplate the distribution of prizes by chance, and there must be a chance to gain or lose by the drawing.

2. LOTTERIES, § 1*—*when coupon-selling scheme constitutes lottery.* A scheme contemplating the selling of coupons which were redeemable in merchandise at appellee's drug store, and entitling the workers who sold the coupons to a chance to draw a prize given at the end of each week, constituted a lottery under Criminal Code, sec. 180 (J. & A. ¶ 3811), imposing a fine for promoting a lottery; and notes given for the purchase of such scheme were invalid.

3. BILLS AND NOTES, § 240*—*when wife not bona fide purchaser of notes purchased for her by husband.* The plaintiff, in an action upon notes given for the purchase of a trade extension scheme which constituted a lottery under Criminal Code, sec. 180 (J. & A. ¶ 3811), was not a bona fide purchaser, where at the time of her marriage plaintiff had no separate property of her own excepting a sum placed to her credit in the bank by her husband, who retained the right to check on such account and who purchased the notes for her by his check drawn on her account, it appearing that plaintiff had no actual knowledge of the transaction and that her husband was fully conversant with it and the defenses existing against the notes, he having been a member of the partnership which promoted the lottery and having purchased the notes from the partnership.

4. PRINCIPAL AND AGENT, § 200*—*when notice to agent is notice to principal.* Notice to an agent touching the subject-matter of his agency, or in regard to the transaction in which he is engaged, is notice to the principal.

Appeal from the Circuit Court of Pulaski county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the March term, 1919. Affirmed. Opinion filed June 6, 1919.

FRED HOOD, for appellant.

CHARLES L. RICE and C. S. MILLER, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

This is an action in assumpsit. brought to recover on six promissory notes of $50 each given by appellee on March 15, 1916, to the Brenard Manufacturing Company, a copartnership, composed of J. L. Records and Theodore O. Loveland. Appellant is the wife of Theodore O. Loveland, one of the partners of the firm to whom the notes were given. Appellee was in the drug business at Mound City, Illinois, at the time of executing and delivering said notes. The Brenard Manufacturing Company had its principal place of business at Iowa City, Iowa, and was engaged in the business of selling what was termed a trade extension scheme, the purpose of which was to increase the business of those who purchased it. The contract entered into provided that appellee should send said company a list of names of workers who were to be sent books to sell with coupons redeemable in merchandise. Those selling a book in a week's time were entitled to a drawing on a prize or prizes, given at the end of that week. Those who sold five books within a week's time were entitled to a prize, also a chance on a larger prize to be given away by drawing at the end of the week. At the end of 8 weeks the principal drawing for the capital prize was to take place.

The six notes sued on were given for the purchase of this trade extension scheme. The manufacturing company shipped to appellee the articles to be given as prizes and sent an organizer to develop the scheme. Appellee, after examining some of the articles, returned the entire shipment, paying freight both ways, and thereafter refused to have anything further to do with putting the scheme into effect.

The notes in question were assigned to appellant by said partnership. Theodore O. Loveland, husband of appellant, acting as her agent, had purchased said notes. The check paying for these notes was made out by Theodore O. Loveland, and signed by him and the notes were placed in the Iowa State Bank for col-

lection by him and were never seen by appellant.

Appellee contends that this trade extension scheme constituted a lottery and as such was forbidden by statute, and that appellant was not a bona fide purchaser of the notes in question. The declaration was in assumpsit, to which the general issue, with notice of special defense, was pleaded. Upon a trial, the jury found the issues for appellee. A motion for a new trial being overruled, judgment was rendered on the verdict. From that judgment this appeal was taken.

Section 180 of the Criminal Code (Hurd's Rev. St. 1895, J. & A. ¶ 3811) in force at the time the contract was made and now, is as follows: "Whoever sets up or promotes any lottery for money, or by way of lottery disposes of any property of value, real or personal, or under pretense of a sale, gift or delivery of any other property, or any right, privilege or thing whatever, disposes of, or offers or attempts to dispose of, any real or personal property, with intent to make the disposal of such real or personal property dependent upon or connected with any chance by dice, lot, numbers, game, hazard or other gambling device, whereby such chance or device is made an additional inducement to the disposal or sale of said property, * * * shall, for each offense, be fined not exceeding $2,000."

Under the statute of this State a lottery scheme, to come within its prohibition, must contemplate the distribution of prizes by chance, and there must be a chance to gain or lose by the drawing. *Dunn v. People,* 40 Ill. 465; *Thomas v. People,* 59 Ill. 160; *Elder v. Chapman,* 176 Ill. 150.

In the case at bar, it appears that the scheme contemplated the selling of coupons which were redeemable in merchandise at appellee's drug store. The workers who sold these coupons were entitled to a chance to draw a prize given at the end of each week.

These drawings were to be made by placing numbers corresponding to numbers held by contestants in a box or hat and having some disinterested person draw therefrom until the prizes were disposed of. The only inducement or compensation to the workers whom the manufacturing company contemplated using to develop their trade extension scheme was a bare chance to be one of the successful drawers of a prize. The whole plan depended upon securing workers by this inducement, and in our opinion constituted a lottery within the purview of section 180 of our Criminal Code.

It is contended by appellant that she was a bona fide purchaser in due course of the notes in question. The record discloses that at the time appellant married Theodore O. Loveland she had no separate property of her own and had received none since, except $20,000 placed to her credit in the bank of her husband, who seems to have retained the right to check on that account and did purchase these notes for her by his check drawn on her account. Appellant had no actual knowledge of the transaction, either as to the drawing of the check in payment for said notes, their assignment, or in the placing of them in the hands of the bank for collection. The entire matter was handled by her husband who was fully conversant with the entire transaction and the defenses existing against said notes. Even if appellant is to be regarded as the real purchaser and owner of the notes assigned to her, it is manifest that her husband was her general agent in and about the entire transaction.

The rule is that notice to an agent touching the subject-matter of his agency or in regard to the transaction in which he is engaged is notice to the principal. *Bryan v. Primm,* Breese, 59; *Doyle v. Teas,* 5 Ill. (4 Scam.) 202; *Williams v. Brown,* 14 Ill. 200; *Singer Mfg. Co. v. Holdfodt,* 86 Ill. 455.

And this rule applies where the agent is the agent

of both parties at the same time, as well as where he is the agent of but one. *First Nat. Bank of New Milford v. Town of New Milford,* 36 Conn. 93; *Miller v. Whelan,* 158 Ill. 556.

It follows, then, that when appellant purchased these notes, she was charged with notice of appellee's defense thereto.

Other errors were assigned but were not argued and are therefore under the rules of this court considered abandoned. Finding no reversible error in the record the judgment of the trial court is affirmed.

*Judgment affirmed.*